UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| U.S. ACUTE CARE SOLUTIONS, INC., | ) | CASE NO.: 5:23-cv-00901 |
| Plaintiff, | ) ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| ALLIANT INSURANCE SERVICES, INC., *et al.*, | ) ) ) | **MEMORANDUM OF OPINION AND ORDER** (Resolving Doc. 11) |
| Defendants. | ) | |

This matter comes before the Court on Plaintiff U.S. Acute Care Solutions, Inc.'s Motion to Remand. Doc. 11. For the reasons stated below, Plaintiff's Motion to Remand is DENIED.

### I. FACTS

On March 29, 2023, this case was filed in the Stark County Court of Common Pleas. Doc. 1. On May 2, 2023, Defendant Alliant Insurance Services, Inc. ("Alliant") removed the case to this Court citing diversity jurisdiction under 28 U.S.C. § 1441(b). Doc. 1. The Parties' Broker Services Agreement states that any legal action between the Parties "shall be venued in Canton, OH." Doc. 15-1, p. 15. Plaintiff now requests that the case be remanded pursuant to this forum selection clause because there is not a federal court in Canton. Doc. 11.

### II. LAW AND ANALYSIS

28 U.S.C. § 1441 provides a statutory right of removal of a case to federal court. To waive that right by an agreement between the parties, the Sixth Circuit has held that parties must express a "clear and unequivocal" waiver of their right of removal. *Cadle Co. v. Reiner, Reiner & Bendett, P.C.*, 307 F. App'x. 884, 886 (6th Cir. 2009). In *Cadle*, the parties' forum selection clause designated Newton Falls Municipal Court and the Trumbull County Court of Common Pleas as

the exclusive venues for the dispute. *Id.* The Sixth Circuit held that, despite the specification of two Ohio state courts, there was not a clear and unequivocal waiver of the defendant's right to remove because the forum selection clause did not mention removal or include an explicit waiver of the right to remove. *Id*. at 888; *see also EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x. 340, 346 (6th Cir. 2008) (finding that the forum selection clause was "irrelevant because it says nothing about the defendants' right to remove").

Plaintiff argues that the subject forum selection clause clearly and unequivocally waived Alliant's right to remove because Alliant knew, at the time the agreement was drafted, that no federal court was in Canton. Doc. 15, p. 2. Plaintiff relies on *C. Thorrez Industries, Inc. v. LuK Transmissions Systems, LLC* in which the forum selection clause read that all disputes "shall be venued in Wayne County, OH" and the plaintiff filed the matter in federal court. *C. Thorrez Industries, Inc. v. LuK Transmissions Systems, LLC*, Case No. 5:09-cv-01986, 2010 WL 1434326 (N.D. Ohio Apr. 8, 2010). In that case, the court granted the defendant's motion to dismiss which sought to enforce the forum selection clause, holding that the clause was mandatory and required venue in Wayne County which did not have a federal court located within it. *Id*. at *4. The Court finds *C. Thorrez* unpersuasive as it is procedurally distinguishable from the case herein as removal was not at issue and, therefore, a different analysis and standard was applied.

In its response in opposition, Alliant cites to several cases within this district that have applied *Cadle*'s "clear and unequivocal" standard for waiving the right to remove. Doc. 14, p. 9. For example, in *Integrated Design Engineering and Analysis Services, Inc. v. Giddy Holdings, Inc.*, the parties had an agreement in which they would "submit all disputes" to a court in Stark County. *Integrated Design Engineering and Analysis Services, Inc. v. Giddy Holdings, Inc.*, Case No. 5:20-cv-00563, 2020 WL 4812720, at *1 (N.D. Ohio Aug. 19, 2020). The court found that

2

despite the designation of a specific location, there was not an effective waiver because removal or the explicit waiver of the right of removal was not included. *Id*. at *2. Plaintiff argues that *Integrated Design* and the other cases Alliant cited are distinguishable because of a different word choice in the forum selection clauses. Doc. 15, p. 3. Plaintiff points to the instant use of "shall be venued" and argues that there is a material difference to the other cases' use of "shall be resolved"[1] or "submit all disputes"[2], among other variations. Doc. 15, p. 3. The Court finds no discernible difference in the use of "venued" that would alleviate the need to address removal or the explicit waiver of such right in the clause.

Following the Sixth Circuit in *Cadle*, the Court finds that the Parties' forum selection clause failed to include any mention of the right of removal or the explicit waiver of such right and, as such, fails to contain a clear and unequivocal waiver of Alliant's right to remove the case. As such, the Motion to Remand is DENIED.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is DENIED. Also pending before the Court is Defendants' Motion to Dismiss. Doc. 10. The Court Ordered that briefing regarding the Motion to Dismiss was stayed pending resolution of the instant Motion to Remand. Doc. 13. As the stay is no longer in place, Plaintiff shall file its response to Defendants' Motion to Dismiss within 30 days of this Order.

IT IS SO ORDERED.

Date: August 4, 2023

/s/ *John R. Adams*
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

---

[1] *Cadle*, supra, at 886.
[2] *Integrated Design Engineering and Analysis Services, Inc.*, supra, at *1.